IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
          Plaintiff,                )
                                    )
    vs.                             )    No. 05 C 1582
                                    )
JATHEL GARRETT,                     )
                                    )
          Defendant.                )

## MEMORANDUM OPINION AND ORDER

This case comes before the court on a motion made pursuant to 28 U.S.C. § 2255 to vacate or set aside a sentence of 292 months imprisonment. I deny the motion for the reasons stated below.

On July 2, 1997, after a three month jury trial, Jathel Garrett was found guilty of participating in an extensive conspiracy among members of the Gangster Disciples, a street gang, to possess and sell cocaine or crack cocaine. Mr. Garrett bore the title of "regent" in the Gangster Disciples, signifying his position in the gang hierarchy as one of authority. On July 22, 1998, Judge Marovich sentenced Mr. Garrett to 240 months (20 years) imprisonment. When the conviction was appealed to the Seventh Circuit, the government cross-appealed, arguing that four of the defendants, including Mr. Garrett, had erroneously been granted downward departures in sentencing. The Seventh Circuit affirmed the convictions and granted the government's cross-appeal, remanding the cases of Mr. Garrett and his three similarly situated co-defendants to this court for re-sentencing. *United States v.*

*Jackson*, 207 F.3d 910 (7th Cir. 2000), *cert. denied*, 531 U.S. 953 (2000)(*Jackson I*). The Supreme Court, although denying certiorari, also remanded *Jackson I* to the Seventh Circuit as to one defendant, Harold Jackson, with instructions to reconsider in light of the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)(any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt).

On April 22, 2004, I held a sentencing hearing in Mr. Garrett's case. At the hearing, he sought a downward adjustment in his sentence on the ground of extraordinary rehabilitation, which the government opposed. On its part, the government argued that under the order of remand I had no option but to increase the sentence to at least the 292-month minimum required by section 3B of the Guidelines. I concluded that the government's position was legally correct and sentenced Mr. Garrett to 292 months (24.5 years) in prison.

Mr. Garrett claims that he received ineffective assistance from his counsel, namely, that she failed to argue vigorously at the hearing for the application of the *Apprendi* rule and that, subsequently, she advised him not to take a direct appeal from my re-sentencing order, but to seek collateral review instead. He also asserts that counsel was under a conflict of interest at the time she advised against direct appeal, because to do so properly she

2

would have had to argue the incompetence of her own representation.

## DISCUSSION

Because facts relating to alleged ineffectiveness of counsel are often not fully set forth in the appellate record and thus not susceptible of being determined on appeal, the issue may be raised for the first time by collateral attack under 28 U.S.C. § 2255. *Galbraith v. United States*, 313 F.3d 1001, 1007-08 (7th Cir. 2002). In order to establish ineffective assistance of counsel, a defendant has the burden of showing that counsel's conduct fell below an objective standard of reasonableness and that but for counsel's errors, there is a reasonable probability that the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S 668 (1984). The courts have been highly deferential to counsel in applying the *Strickland* test. Counsel are presumed to have made reasonable strategic judgments. *Valenzuela v. United States*, 261 F.3d 694, 698-99 (7th Cir. 2001). Moreover, where it is found that counsel's alleged legal deficiency did not prejudice the defendant, the first prong of the Strickland test need not be considered. *U.S. v. Fudge*, 325 F.3d 910, 924 (7th Cir. 2003).

## DISCUSSION

Mr. Garrett's allegations as to ineffective assistance of counsel on grounds of conflict of interest are without merit. They are belied by the record. His counsel, far from denying her own

3

culpability, asserted vigorously at the re-sentencing hearing that she should have argued *Apprendi* on direct appeal. (Tr. of 4/22/04 re-sentencing hearing at 19 ("Well, [*Apprendi*] wasn't raised because I believe Mr. Garrett had ineffective assistance of counsel, and that would be me."). Counsel's *mea culpa* notwithstanding, I do not find that Mr. Garrett has shown or could show a reasonable probability that a timely invocation of *Apprendi*, either on direct appeal or in connection with the decision not to appeal my April 24, 2004 order, would have made any difference in his ultimate sentence, and for that reason a full analysis of whether counsel's conduct fell below an objective standard of reasonableness is unnecessary. *Fudge*, 325 F.3d at 924.

*Apprendi* held that other than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. *Apprendi* did not hold that sentences above the statutory maximum which are imposed because of upward adjustments under the federal Sentencing Guidelines must be supported by jury findings. *Apprendi* was not even decided until two years after Mr. Garrett was convicted and he had received the sentence which the Seventh Circuit, at the government's urging, found to be clear error.

Mr. Garrett was first sentenced in 1998. His conviction was affirmed in March 2000 and rehearing and rehearing en banc were

denied in May of that year. *Jackson I*. *Apprendi* was argued in March of 2000 and decided in June 2000. On October 30, 2000, when the Supreme Court denied certiorari in *Jackson I*, it remanded the case for consideration of the *Apprendi* issue as to defendant Jackson, the only defendant who had raised that argument on appeal.[1] In Jackson II, the Seventh Circuit adhered to its decision affirming Jackson's thirty year sentence. The court held that Jackson could not prevail on the *Apprendi* issue, since he had not raised it at trial. The same is true of Mr. Garrett. *Jackson I* is very clear: the Seventh Circuit directed me to re-sentence Mr. Garrett for the sole purpose of correcting the error in his prior sentence. *Jackson I*, 207 F.3d at 922.

Mr. Garrett also argues that his sentence must be reviewed under the decisions in *United States v. Booker*, 125 S. Ct. 738 (2005) and *United States v. Blaylock*, 413 F.3d 616 (7th Cir. 2005). In *Booker*, the Court held that the Federal Sentencing Guidelines, to the extent that they purported to require courts to impose sentences greater than the statutory maximum on the basis of facts not submitted to the jury and proved beyond a reasonable doubt, violated the right to a fair trial conferred by the Sixth Amendment to the Constitution. However, the Court did not strike the

---

[1] Jackson argued in the Supreme Court that the Sixth Amendment required the amount of crack cocaine which had been the subject matter of the conspiracy to submitted to the jury for determination of guilt beyond a reasonable doubt rather than determined by the trial court on a preponderance of the evidence.

Guidelines; it held only that they were not mandatory. The Guidelines remain in effect as advisory standards by which to review sentences for reasonableness. *Booker*, 125 S.Ct. at 764. But even that is not required where the conviction became final and the sentence was imposed prior to the decision in *Booker*. The Seventh Circuit holds that re-sentencing in all criminal cases decided prior to *Booker's* date of decision, but still pending on direct appeal, is not mandatory. The relevant inquiry is whether there was or was not plain error committed in the original sentencing, and that where there is doubt, the most efficient way to proceed is to order a limited remand in order to determine from the judge who imposed the initial sentence whether she would have meted out a lighter one had she known that the Guidelines were merely advisory. *United States v. Paladino*, 401 F.3d 471, 483 (7th Cir. 2005). On the record before me, both at the re-sentencing and now on this motion, even if that point had not been procedurally defaulted, I could not say that I would have imposed a lighter sentence had the issue been timely raised.

While it is true that neither the quantity nor the type of narcotics involved in Mr. Garrett's case was submitted to the jury and proved beyond a reasonable doubt, at the time that would not have been the legal standard for testing the validity of his sentence. There was ample proof in the record of both the type and the quantity of the narcotics involved, so that the trial judge's

original sentence would not have been subject to attack under the plain error standard. The Seventh Circuit laid that issue to rest in *Jackson I* and *Jackson II*. It has also upheld the government's contentions that the trial judge erred in granting both upward and downward adjustments under the same section of the Guidelines. *Jackson I*, 207 F.3d at 921.

Thus, Mr. Garrett's collateral attack on his sentence must fail for two reasons: (1) he failed to preserve his *Apprendi* argument by not filing a timely direct appeal from his re-sentencing, (2) and even if he had done so, he could not have prevailed because he is unable to show a reasonable probability that preservation of that argument would have led to a different outcome. No prejudice resulted. Mr. Garrett has, therefore, failed to satisfy the second prong of the *Strickland* test.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: September 2, 2003